IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO. _____

ALEXANDER L. HERNANDEZ,

      Plaintiff,

v.

THE CITY OF OPA LOCKA

      Defendant,

_____/

## COMPLAINT

COMES NOW, Plaintiff, ALEXANDER L .HERNANDEZ, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant THE CITY OF OPA LOCKA (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.   This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for damages due to disability discrimination, race discrimination, in violation of to the Civil Rights Act of 1866, 42 U.S.C. §1983 ("§ 1983"), the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 ("Title VII"); the Americans With Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.* to redress injury done to Plaintiff by the Defendant for discriminatory treatment.

2.   At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

Exhibit "1"

3. Plaintiff is a Hispanic male and is a member of a class protected under § 1983, Title VII, and the Florida Civil Rights Act (FCRA) because the terms, conditions, and privileges of his employment were altered because of his race.

4. Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that he is a person with a disability as defined by those Acts.

5. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the Title VII, ADA, ADAAA, FCRA.(42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County.

7. Plaintiff was an employee covered by Title VII and the FCRA in that he was subjected to negative, disparate treatment by his employer based on his race, and/or disability.

8. Plaintiff alleges causes of action for violations of Title VII, the ADA, the ADAAA, and the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to, termination.

9. On August 21, 2017, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12.  Plaintiff, a white Hispanic male with a perceived disability was employed by Defendant from June 2012 through May 31, 2017.

13.  Throughout his employment, Plaintiff worked without negative reviews.

14.  On or about September 30, 2014, Plaintiff suffered a heart attack while on duty.  The heart attack occurred when Plaintiff was advised by his supervisor that officer James Dobson (Black, American) was going to be hired as a major because Plaintiff "was the wrong color."

15.  As a result of the heart attack, Plaintiff had to take leave for a period of time. This heart condition was perceived as a disability by Defendant.

16.  Officer Dobson had less education and experience than Plaintiff. However, throughout Plaintiff's employment, Dobson was continuously promoted within the department while Plaintiff was overlooked.

17.  In 2016, Plaintiff was demoted from Major to Lieutenant. Plaintiff's pay was reduced 33% while all other non-Hispanic non-disabled employees in executive command status received a reduction of at most 20%.

18.  Plaintiff made several complaints about the discriminatory treatment to Chief Dobson. A complaint was also made to Yvette Harrell.

19.  Shortly after his complaints, Plaintiff was subjected to further harassment and disparate treatment including but not limited to having his schedule changed to midnights interfering with his second job.

20.  On or about May 30, 2017, Plaintiff was terminated without cause.

21.  Eight weeks after his termination, Plaintiff was advised by the PBA attorney that the reason for his termination was downsizing in the workforce.

3

22. Defendant's stated reason for termination—downsizing in the workforce—is without merit and is pretextual.

## COUNT I
### *Race Discrimination in Violation of 42 U.S.C. § 1983*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

24. Plaintiff is a member of a protected class under § 1983.

25. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

26. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Hispanic.

27. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

28. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

29. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

30. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

31. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

4

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

32.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

33.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

34.   So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.   Adjudge and decree that Defendant has violated 42 U.S.C. § 1983, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### RACE DISCRIMINATION UNDER TITLE VII

35.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

36.  The conduct to which Plaintiff was subjected by Defendant was the direct and proximate result of Plaintiff's race.

37.  Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

38.  Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's race was also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

39.  As a result of the discriminatory conduct and discriminatory termination to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss

of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, lost benefits, and compensatory damages.

40.  Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

41.  Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, lost benefits, as well as compensatory damages, and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
### COLOR DISCRIMINATION UNDER TITLE VII

42.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

43.  The conduct to which Plaintiff was subjected by Defendant was the direct and proximate result of Plaintiff's color.

44.  Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

45.  Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's color was also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

46.  As a result of the discriminatory conduct and discriminatory termination to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience significant

financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, lost benefits, and compensatory damages.

47. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

48. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, lost benefits, as well as compensatory damages, and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT IV
## DISABILITY DISCRIMINATION
## UNDER THE ADA AND ADAAA

49. Plaintiff incorporates herein the allegations contained in paragraphs 1–22, inclusive, as though same were fully re-written, and says:

50. Plaintiff was perceived as disabled because he suffered a heart attack.

51. Plaintiff was at all times qualified to perform the essential functions of his job with or without a proposed reasonable accommodation. Plaintiff was a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

52. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled,

and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

53.    The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's perceived disability, which substantially limited him in one or more major life activity to wit: concentration, evaluation, and communication/interaction with others; and/or Plaintiff's record of having such disability.

54.    Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

55.    Defendant's stated reason for terminating—downsizing workforce—is not based on any known facts in this case.

56.    Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's perceived disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

57.    Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his perceived disability by terminating him because of his condition under the circumstances described above.

58.    Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

59.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of

1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Peter Cruz, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

60. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

a)     Actual damages as a result of Defendant's discriminatory actions;

b)     Punitive damages due to Defendant's willful behavior;

c)     Compensatory damages;

d)     Injunctive relief where feasible;

e)     Attorney's fees;

f)     Costs of this action; and

g)     Any other relief this Court deems proper.

## COUNT V
### *DISABILITY DISCRIMINATION UNDER THE FCRA*

61. Plaintiff reasserts his allegations in paragraph 1-22 as if fully set forth herein.

62. Section 760.10 of the FCRA states in relevant part:

"(1)It is an unlawful employment practice for an employer:

(a)     To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

10

63.   The FCRA accordingly prohibits discrimination based on disability.

64.   The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's disability, which disabled individuals were not and would not have been subjected, in violation of the FCRA.

65.   Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Plaintiff's perceived disability was also a motivating factor for Defendant's adverse conduct toward Plaintiff.

66.   As a result of Defendant's willful and malicious discriminatory actions as a result of his disability, Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

67.   Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct.

68.   Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

11

Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Race Discrimination in Violation the FCRA*

69.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

70.  Plaintiff is a member of a protected class under the FCRA.

71.  By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

72.  Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Hispanic.

73.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

74.  At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

75.  Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

76.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

12

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

77. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

78. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

79. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### *Color Discrimination in Violation the FCRA*

80.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

81.  Plaintiff is a member of a protected class under the FCRA.

82.  By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on Color.

83.  Such discrimination was based upon the Plaintiff's color in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is white.

84.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

85.  At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

86.  Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

87.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

14

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

88. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

89. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

90. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VIII**
***Retaliation in Violation of the FCRA***

91. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

92. Plaintiff is a member of a protected class under the FCRA.

93. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

94. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and/or perceived disability was unlawful but acted in reckless disregard of the law.

95. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

96. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

97. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

16

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

98. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNTIX
### *Retaliation in Violation of 42 U.S.C. § 1983*

99.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

100.  Plaintiff is a member of a protected class under § 1983.

101.  By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1983.

102.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

103.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

104.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

105.  The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

106.  Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable

18

Court grants relief.

107. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated 42 U.S.C. § 1983, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X
### *Retaliation in Violation of Title VII*

108. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

109. Plaintiff is a member of a protected class under Title VII.

110. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

111. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

112. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

113. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

114. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

115. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.    Adjudge and decree that Defendant has violated 42 U.S.C. § 1983, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 11, 2018

Respectfully submitted,

**/s/Nathaly Lewis**
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Fla. Bar No. 118315
nl@rgpattorneys.com
Michelle Muskus, Esq.
Florida Bar No.: 1003077
mm@rgpattorneys.com
***Remer & Georges-Pierre, PLLC***
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile